HLD-106(February 2011)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4359
_____

UNITED STATES OF AMERICA

v.

JELANI SOLOMON, Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 2-05-cr-00385-001)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011

Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: April 19, 2011)
_____

OPINION
_____

PER CURIAM.

        Jelani Solomon, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Western District of Pennsylvania denying his

motions to dismiss his criminal proceedings.  We will affirm the judgment of the District

1

Court.

Solomon was convicted in federal court of various narcotics and firearms offenses, including committing murder during and in relation to a drug-trafficking crime. He was sentenced to life in prison. We affirmed the District Court's judgment on July 23, 2010, rejecting Solomon's challenges to a decision to empanel a partially innominate jury and to the sufficiency of the evidence.

On October 22, 2010, Solomon filed two motions in District Court challenging the District Court's jurisdiction over his criminal proceedings. Noting that we had affirmed the judgment against Solomon on July 23, 2010, the District Court denied Solomon's motions. This appeal followed.

Solomon's first motion, entitled "Motion to Dismiss Proceeding, Charges, and/or Information Due to Lack of Subject Matter Jurisdiction and Violation of Due Process," sets forth general jurisdictional principles without any explanation of how they apply to Solomon's case. Solomon's second motion, entitled "Petition to Challenge: In Rem, In Personam, Subject Matter Jurisdiction," is similar to his first motion and further asserts that the District Judge must prove he is a "lawfully established judge" and the prosecutor must prove his authority to prosecute. Absent such proof, Solomon contends his judgment is void.

It is not clear what authority Solomon relies upon in raising his post-judgment jurisdictional challenge. To the extent Solomon's motions were properly before the District Court, he failed to articulate an argument calling into question the

2

District Court's jurisdiction over his criminal proceedings.  We find no error in the District Court's denial of these motions.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.